UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE JORGE VIOLANTE, | ) | 1:07-CV-01277 LJO NEW (DLB) HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| NICK DAWSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

On June 24, 2005, Petitioner was convicted in the Kern County Superior Court of possession of methamphetamine for sale in violation of Cal. Health and Safety Code § 11378. Allegations that Petitioner possessed for sale a substance containing methamphetamine in an amount exceeding one kilogram by weight or 30 liters by liquid volume within the meaning of Cal. Health and Safety Code § 11370.4(b)(1) were found to be true. After a court trial, it was also found true that Petitioner had

---

[1] This information is derived from the petition for writ of habeas corpus.

served a prior prison term and had suffered two prior convictions within the meaning of Cal. Health and Safety Code § 11370.2 and Cal. Penal Code § 667.5(b). Petitioner was sentenced to serve a total determinate term of thirteen years in state prison.

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District (hereinafter "5th DCA"). On July 28, 2006, the 5th DCA affirmed the judgment.

Petitioner then filed a petition for review in the California Supreme Court. On October 11, 2006, the California Supreme Court denied review.

On September 4, 2007, Petitioner filed the instant federal petition for writ of habeas corpus. The petition contains the following ground for relief: "Whether good faith exception of U.S. vs. Leon applied to a search based on an invalid warrant and in the absence of nexus between premises to be searched and criminal activity."

**DISCUSSION**

I. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Failure to State a Cognizable Federal Claim

In his petition before this Court, Petitioner claims he was denied due process under the Fourth Amendment when he was subjected to an unreasonable search and seizure. He alleges the affidavit relied on by the officers was so lacking in probable cause that it was unreasonable for officers to believe probable cause existed.

A federal district court cannot grant habeas corpus relief on the ground that evidence was

obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue. Stone v. Powell, 428 U.S. 465, 494 (1976); Woolery v. Arvan, 8 F.3d 1325, 1326 (9th Cir. 1993), *cert denied*, 511 U.S. 1057 (1994). The only inquiry this Court can make is whether petitioner had a fair opportunity to litigate his claim, not whether petitioner did litigate nor even whether the court correctly decided the claim. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also, Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (holding that because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under Stone was necessary).

       The policy behind the Stone Court's analysis is that the exclusionary rule is applied to stop future unconstitutional conduct of law enforcement. Stone, 428 U.S. at 492. However, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost. See Stone, 428 U.S. at 489-90; Woolery, 8 F.3d at 1327-28. Thus, the Ninth Circuit has described the rationale for this rule by saying:

> The holding is grounded in the Court's conclusion that in cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

Woolery, 8 F.3d at 1326; see also Stone, 428 U.S. at 493-494.

       In this case, Petitioner's Fourth Amendment claim was litigated through a suppression hearing in the Kern County Superior Court on December 29, 2004. After hearing argument from the prosecution and the defense, the trial court denied the motion. The Court finds that the state court provided Petitioner with a "full and fair opportunity to litigate" his Fourth Amendment claim. Stone v. Powell, 428 U.S. 465, 494 (1976). Pursuant to Stone v. Powell, the Court cannot grant habeas relief. The petition should be dismissed with prejudice.

## RECOMMENDATION

       Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with prejudice.

       This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

1 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule
2 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
3 California.  Within thirty (30) days after being served with a copy, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall
6 be served and filed within ten (10) court days (plus three days if served by mail) after service of the
7 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
8 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may
9 waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10      IT IS SO ORDERED.

11      Dated:   **September 10, 2007**                    /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE